IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TYREASE ANDERSON,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )    1:21CV348
                                     )
FORSYTH COUNTY SHERIFF OFFICE,       )
et al.,                              )
                                     )
            Defendant(s).            )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, while a detainee at the Forsyth County Detention Center, submitted a pro se Complaint [Doc. #2] under 42 U.S.C. § 1983 and requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint named the Forsyth County Sheriff's Office, Forsyth County Sheriff Bobby Kimbrough, three Sheriff's Office employees, and the healthcare provider at the Detention Center, Wellpath Health Care, as Defendants. It generally alleges that Defendants failed to properly implement and follow protective measures to protect Plaintiff and other prisoners against Covid-19. This case is one of a number of similar cases filed in this District, many of which have been dismissed for various reasons. The Court previously entered an Order [Doc #4] directing Plaintiff to make an initial partial payment and also staying the current matter in light of a parallel action in Lowery v. Forsyth County Sheriff's Department, 1:20CV85 (M.D.N.C.), which had a motion to dismiss pending. That motion has now been decided and granted. Lowery

v. Forsyth County Sheriff's Department, 1:20CV85, 2022 WL 3369654 (M.D.N.C. Aug. 16, 2022) (unpublished), rec. adopted, 2022 WL 4938934 (M.D.N.C. Sept. 26, 2022) (unpublished).  Plaintiff also made the initial payment, so the case is now before the Court for an initial review.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint.  28 U.S.C. § 1915A(a).  "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'"  Id. (quoting Twombly, 550 U.S. at 557).  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id.  In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare

2

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

For the reasons that follow the Complaint fails to state a claim on which relief may be granted.

As stated above, the Complaint generally alleges that Defendants failed to act properly to lessen the danger posed to Plaintiff by Covid-19. The allegations vary somewhat as to each of the Defendants, but generally the Complaint alleges that some or all of the Defendants failed to provide sufficient masks to inmates, failed to properly test inmates being transferred into the jail, failed to properly quarantine sick inmates (including Plaintiff) and inmates possibly exposed to the virus, failed to properly test inmates for the virus, failed to ensure that guards wore masks at all times while interacting with inmates, and housed inmates in two-person cells and in dormitories filled to capacity.

Before addressing the heart of these allegations, the Court first notes some general insufficiencies with the Complaint. One such issue is that the Complaint seeks millions of dollars in compensatory and punitive damages based on the fact that Plaintiff contracted Covid-19. However, the Complaint alleges only that he suffered chest pains and a

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

3

headache for several days, along with increased anxiety. The Court notes that the amount of damages requested appears grossly excessive in light of the allegations in the Complaint. Therefore, even if the Complaint stated a claim for relief, any award of damages would be far less than envisioned by Plaintiff.

Second, it appears in at least some instances that the Complaint seeks to hold Defendants liable based on their positions as supervisors and the actions of their subordinates. This is not appropriate because theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Iqbal, 556 U.S. at 677.

Third, the Complaint contains allegations about Defendants' conduct toward prisoners other than Plaintiff. Plaintiff cannot raise claims based on alleged violations of other persons rights, only his own. This is a particular issue with Defendant Wellpath. The Complaint alleges that Defendant Wellpath failed to provide Plaintiff with proper medical care after he contracted COVID-19. In general, deliberate indifference to a serious medical need can state a claim under § 1983. Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). However, "[d]eliberate indifference is a very high standard—a showing of mere negligence will not meet it." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir.1999). Moreover, mere disagreement with treatment received is not enough to state a claim for relief. Jackson v. Sampson, 536 F. App'x 356, 357 (4th Cir. 2013) (citing Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir.1975)); United States v. Clawson, 650 F.3d 530, 538 (4th Cir. 2011). Here the Complaint states that Wellpath quarantined Plaintiff, but did not provide him with any "specific or tailored treatment." (Complaint at 11.) However, the Complaint fails to allege

4

specific facts showing that any such treatment was medically required or would have benefitted Plaintiff's condition. At most, these allegations amount to conclusory allegations of a disagreement with the treatment Plaintiff received, which does not state a viable claim for relief. The Complaint also alleges that Plaintiff was released too quickly into general population while still symptomatic and without further testing. Although such actions may have created concerns for other inmates, the Complaint lacks allegations of any related harm to Plaintiff. The Complaint states no claim for relief against Defendant Wellpath and it should be dismissed from the case.

Turning now to the remainder of the Complaint, although the Complaints in <u>Lowery</u> and the present case are not identical, they are similar enough that the decision in <u>Lowery</u> is highly instructive. As stated in <u>Lowery</u>, the Fourteenth Amendment applies in this setting due to Plaintiff's status as a pretrial detainee. <u>Id.</u> at *3. A plaintiff can show a violation of the due process clause of that amendment by meeting the same test applicable to Eighth Amendment deliberate indifference cases brought by convicted inmates. <u>Id.</u> To prevail on a claim under that test, a plaintiff must demonstrate that the Defendants actually knew of a substantial risk of harm to Plaintiff and that they subjectively realized that their actions were inappropriate in light of the risk. <u>Id.</u> at *4 (quoting <u>Parrish ex rel. Lee v. Cleveland</u>, 372 F.3d 294, 303 (4th Cir. 2004)).

Here, for reasons similar to those set out in <u>Lowery</u>, the Complaint in the present case fails to state any claim for relief. As stated in <u>Lowery</u>, Plaintiff's allegations are "mostly repetitive and conclusory and fail to state how each prison official individually violated Plaintiff's constitutional rights." <u>Id.</u> It also relies mainly on Plaintiff's own beliefs

5

about what steps were appropriate to control Covid-19 in the Forsyth County Detention Center. The Complaint does allege that some of Defendant's actions were not in accordance with directives issued by North Carolina Governor Roy Cooper. However, even if true, those mandates are simply a state policy, not constitutional requirements as are necessary to state a claim under § 1983. "More importantly, Plaintiff has not alleged that each defendant individually both subjectively recognized a substantial risk of harm related to such policy, and that each defendant subjectively recognized that his or her actions were inappropriate in light of that risk." Id. In fact, in many instances, the Complaint fails to allege that alternative avenues of action were even available to Defendants, i.e. that masks and Covid tests were available during the relevant time period for them to provide the masks and tests Plaintiff's believes were appropriate, that free space in the Detention Center was available to allow for the quarantining and housing practices he believes should have been followed, etc. Plaintiff cannot claim that actions are inappropriate or that Defendants knew that unless alternatives were available to the Defendants. The Complaint sets out no factual allegations to support a claim that they were. In the end, the present Complaint fails to state a claim for essentially the same reasons as the Complaint in Lowery and should be dismissed. See also Searcy v. Forsyth County Sheriff Department, 1:21CV208 (M.D.N.C. March 15, 2023) (dismissing similar claims on the same analysis), adopted by Order and Judgment (April 19, 2023); McAllister

6

v. Wellpath Health Care, 1:19CV1034 (M.D.N.C. August 22, 2022) (dismissing similar claims), adopted by Order and Judgment (September 15, 2022).[1]

IT IS THEREFORE RECOMMENDED that the Complaint be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 23rd day of October, 2023.

    /s/ Joi Elizabeth Peake
United States Magistrate Judge

---

[1] The Court notes that Plaintiff also filed a Motion for Compassionate Release, which is being considered separately and which is not affected by the present Recommendation.